# United States District Court
# Western District of New York

CAPITOL RECORDS, INC. a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,

                              Plaintiffs,

-vs-

JEREMY GALINDO,

                              Defendant.

06-CV-6423-CJS

DECISION & ORDER

## INTRODUCTION

Plaintiffs Capitol Records, Inc., Elektra Entertainment Group, Inc, and Sony BMG Music Entertainment filed an action against Jeremy Galindo for copyright infringement. The case is now before the Court on plaintiff's motion for Default Judgment. For the reasons stated below, plaintiffs' motion (# 9) is granted.

## BACKGROUND

Plaintiffs commenced the subject action against defendant on August 22, 2006. In their complaint, plaintiffs allege that defendant's use of an online media distribution system infringed on their exclusive rights to reproduce and distribute copyrighted recordings. Plaintiffs allege that defendant possessed five songs which, without permission, he either downloaded, distributed, or made available for distribution.

Plaintiffs' complaint, summons, exhibits, and corporate disclosure statement were served on Mercedes Aponte on September 20, 2006 by Richard Zacari. Zacari signed the

declaration of service, which certified he was over the age of eighteen and was not a party to the claim. ("Summons Returned Executed" (# 4).) Plaintiffs contend that Ms. Aponte is 68 years old, defendant's grandmother, and of suitable discretion. *Id.* Ms. Aponte was at defendant's residence when she accepted the documents, and her listed address is the same as defendant's listed address. Additionally, she told Zacari that the home at 39 Capri Drive was the residence and usual abode of both her and defendant. The summons specifically states that defendant was required to serve plaintiff's attorney with "an answer to the complaint...within 20 days after this service of summons upon you." ("Summons Returned Executed" (# 4, Attachment 1).) Defendant did not answer the complaint. On February 9, 2007, plaintiffs filed a "Request for Clerk's Entry of Default" against defendant. (# 5), a copy of which was served on defendant. (Certificate of Service, (# 8).) The Court Clerk filed an "Entry of Default" on February 12, 2007. (# 7.) On that same day, plaintiffs mailed defendant a notification that an entry of default had been filed by the clerk. (Notice, (# 8).) Defendant did not respond.

   On July 3, 2007, plaintiffs filed the subject motion for entry of default judgment. They have asked for $750 in damages for each infringed copyrighted work, a permanent injunction, and costs of $420. The permanent injunction they request states,

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, "download") any of Plaintiffs' recordings, to distribute (*i.e.*, "upload") any of Plaintiffs' recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of

those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

## STANDARDS OF LAW

Default Judgment

In pertinent part, Federal Rule of Civil Procedure 55 provides:

a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55 (1987).

### Remedies for Copyright Infringement

According to 17 U.S.C. § 504(c)(1), a copyright holder may "elect, at any time

before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work...in a sum of not less than $750 or more than $30,000 as the court considers just." If a copyright holder elects to recover statutory damages, it is not necessary to prove actual damages. 17 U.S.C. § 504(c) (Copyright holders must prove actual damages; no such requirement for statutory damages).

## DISCUSSION

Here it is undisputed that defendant has failed to answer plaintiffs' complaint or otherwise appear in the action. In that regard, plaintiffs have established that service was properly made on defendant, since the process server, Richard Zicari, was over eighteen years of age and was not a party to the action, and since service was effected at defendant's residence by leaving a copy of the summons and complaint with the defendant's sixty-eight year old grandmother, Mercedes Aponte, who was obviously a person of "suitable age and discretion." *See* Fed. R. Civ. P. 4(c) & (e). Moreover, upon plaintiffs application, the Court Clerk filed an "Entry of Default" on February 12, 2007.

By way of relief, plaintiffs, seek not actual damages, but rather the minimum authorized statutory amount of $750 for each of the five alleged infringements. Consequently, the Court finds plaintiffs are entitled to statutory damages in the amount of $3,750. Plaintiffs also seek the cost of filing in the amount of $350 and the cost of service in the amount of $70, for total costs of $420, which the Court also awards. *See* 28 U.S.C. § 1920. Finally, plaintiffs seek a permanent injunction. The Second Circuit has held, "when a copyright is infringed, irreparable harm is

presumed." *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.,* 25 F.3d 119, 124 (2d Cir. 1994), *citing Bourne Co. v. Tower Records, Inc.,* 976 F.2d 99, 101 (2d Cir. 1992). Since defendant, by failing to appear, has offered no information to rebut the presumption of irreparable harm, plaintiffs' request for a permanent injunction is likewise granted.

## CONCLUSION

Accordingly plaintiffs' motion for default judgment (# 9) is granted. Plaintiffs are awarded $3,750 in damages, $420 in costs, and a permanent injunction against defendant as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* "download") any of Plaintiffs' recordings, to distribute (*i.e.,* "upload") any of Plaintiffs' recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

 IT IS SO ORDERED.

Dated:   August 30, 2007
            Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                            Charles J. Siragusa
                            United States District Judge